IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO C.T.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | Civil No. 1:26-cv-04353-MWJS<br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 242-290-996 |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Francisco C.T.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Petitioner has lived in the country since he entered in 2012. *Francisco C.T. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218, at *1 (E.D. Cal. May 4, 2026). He has been detained by immigration authorities since March 2026. *Id.*

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

In April 2026, Petitioner filed a habeas petition arguing that he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* The court granted that petition in part. *Id.* When the government offered Petitioner a bond hearing on May 8, 2026, however, Petitioner withdrew his request for custody redetermination. *See* Status Report, *Francisco C.T.*, No. 1:26-cv-03308-MWJS (E.D. Cal. May 8, 2026), Dkt. No. 9, at pg. 4.

Petitioner subsequently made another administrative request for custody redetermination, and a hearing was held before an immigration judge on May 19, 2026. Dkt. No. 11, at pg. 2. At the conclusion of that hearing, the immigration judge denied Petitioner's request for a change in custody status after finding that he was a flight risk. *Id.* at pg. 25.

On June 5, 2026, Petitioner signed the petition now before the court. Dkt. No. 1, at pg. 10. In this petition, Petitioner argues that the May 19, 2026, bond hearing was "procedurally deficient" because the immigration judge "ignored dispositive evidence of [Petitioner's] risk of flight." *Id.* at pg. 8. Respondent filed a motion to dismiss the petition arguing, among other things, that Petitioner failed to exhaust his administrative remedies because he did not appeal to the Board of Immigration Appeals (BIA). Dkt. No. 11, at pgs. 2–6.

Before a district court may reach the merits of a habeas petition challenging immigration detention, it must consider whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001),

*abrogated on other grounds by Fernandez-Vargas v. Gonzalez*, 548 U.S. 20 (2006). Where a petitioner has failed to do so, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

Exhaustion in this context is prudential rather than jurisdictional. Accordingly, the court must determine whether exhaustion here should be excused. That determination turns on the three considerations identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007): (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988.

Regarding the first factor, where, as here, a petitioner has already received a bond hearing and the administrative remedy remaining is a BIA appeal, agency expertise is not strictly necessary to generate a further record for decision. *See Okoth v. Kaiser*, No. 1:25-cv-01936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Kithima v. Albarran*, No. 1:26-cv-1659-DJC-JDP, 2026 WL 1078236, at *2 (E.D. Cal. Apr. 21, 2026). The first *Puga* factor therefore weighs against requiring exhaustion.

The second and third factors, however, weigh strongly in favor of requiring it. Section 1226(a) and its implementing regulations establish a comprehensive process for custody determinations, including the right to a bond hearing before an immigration judge and appellate review by the BIA. *See* 8 C.F.R. §§ 1003.19, 1236.1(d). The Ninth Circuit has held that these procedures are facially constitutional. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). Here, Petitioner participated in the bond hearing process, received an adverse ruling, and chose to file the instant action, rather than appeal to the BIA. On the second factor, therefore, granting federal habeas relief under these circumstances would permit Petitioner to bypass the appellate tier of the administrative scheme. And allowing Petitioner to do so here would invite other detainees to do the same. *See Kithima*, 2026 WL 1078236, at *2–3; *see also Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025).

On the third factor, the BIA has authority to review the immigration judge's bond determination, including its factual findings and application of the applicable legal standards. *See* 8 C.F.R. § 1003.1(d)(3)(i)–(ii). Had Petitioner appealed and prevailed, this litigation would have been unnecessary. Had the BIA affirmed, a more fully developed record would be available to support any judicial review that followed. *Kithima*, 2026 WL 1078236, at *3. The second and third *Puga* factors therefore favor requiring exhaustion.

Even where the *Puga* factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Petitioner argues that exhaustion would be futile. Dkt. No. 24, at pgs. 8–9. The futility exception requires a showing that the available administrative remedy is inadequate or unavailing as applied to a petitioner's own case. *See Gagik T. v. Chestnut*, No. 1:26-cv-02839-MWJS, 2026 WL 1216897, at *3 (E.D. Cal. May 4, 2026). Petitioner has not demonstrated that an appeal to the BIA would have been inadequate or unavailing. Nor has Petitioner shown that the BIA would lack the authority or the practical ability to review and, if warranted, correct the immigration judge's bond ruling. As already noted, the BIA has precisely that authority, *see* 8 C.F.R. § 1003.1(d)(3), and Petitioner points to no case-specific barrier to obtaining meaningful review. *See Kithima*, 2026 WL 1078236, at *3; *Martinez*, 2025 WL 2689844, at *6.

Because the *Puga* factors weigh in favor of requiring exhaustion here, and because Petitioner has not offered any persuasive argument against doing so, the petition, Dkt. No. 1, is DISMISSED without prejudice. The court's June 9, 2026, order

//

//

that Petitioner not be deported or otherwise removed from the Eastern District of California, Dkt. No. 5, is HEREBY LIFTED. Considering the foregoing, any outstanding motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: July 27, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge